878 F.2d 380
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clarence B. WRIGHT, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wendell H. GRIFFIN, Defendant-Appellant.
 No. 88-5086.
 United States Court of Appeals, Fourth Circuit.
 Argued April 13, 1989.
Decided June 23, 1989.
 
 Daniel Joseph Burke, Andrew Carroll, III for appellant.
 Liam O'Grady, Assistant United States Attorney (Henry E. Hudson, United States Attorney on brief) for appellee.
 Before DONALD RUSSELL and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Appellants were indicted for armed bank robbery in violation of 18 U.S.C. Sec. 2113(a) and (d); use of a firearm in the commission of a felony in violation of 18 U.S.C. Sec. 924(c); and conspiracy to commit armed bank robbery in violation of 18 U.S.C. Sec. 371. Each appellant filed motions to suppress evidence which had been found in a search of the apartment of Clarence Wright and a search of the automobile of Wendell Griffin, and also to suppress statements made by Clarence Wright. Appellants claim that the affidavit used to obtain the search warrant misrepresented material facts and that the stop of Griffin's vehicle and his detention were without reasonable suspicion.
 
 
 2
 The district court held a lengthy hearing on the motions to suppress, heard the testimony of five witnesses, received briefs and heard oral arguments. The district court then issued a well reasoned twenty page order denying the motions to suppress. Appellant Wright then made a conditional plea of guilty to bank robbery in violation of 18 U.S.C. Sec. 2113(a) and use of a firearm during commission of a bank robbery in violation of 18 U.S.C. Sec. 924(c). Appellant Griffin went to trial, which resulted in a mistrial due to a hung jury. He then entered pleas of guilty to the same counts as had Wright. Both appellants reserved their rights to appeal the denial of the suppression motions. They also claim that the sentencing guidelines are unconstitutional and that the guidelines as applied to their sentences violate the statutory mandate for consistent sentencing. We find no error, and we affirm.
 
 
 3
 The memorandum opinion of Judge Ellis contains an exhaustive review of the facts and the law as to the stops, the detentions, the searches, and the statements made by appellants. Nothing more need be written on these issues, and we affirm these questions on the April 7, 1988 opinion of the district court.
 
 
 4
 The constitutionality of the sentencing guidelines has been determined in United States v. Mistretta, U.S., 109 S.Ct. 647, 102 L.Ed.2d 714 (1989).
 
 
 5
 Appellants claim that they should have been sentenced only under 18 U.S.C. 2113(d) rather than under both sections 2113(a) and 924(c). They contend that their sentencing depended solely upon the election of the prosecutor and had no relation to the conduct involved. Their pleas of guilty were to count 1 for violating Sec. 2113(a) and count 2 for violating Sec. 924(c). The sentences were 33 months on count 1 and 60 months on count 2 to be served consecutively. They assert that a sentence under Sec. 2113(d) would have been less than the combined sentences. However, the facts will not support a plea under Sec. 2113(d) because the facts did not demonstrate that the life of any person had been put in jeopardy by the appellants' use of a dangerous weapon. Although both appellants were armed with pistols at the time of the robbery, neither weapon was ever drawn. Wright's weapon was observed in a shoulder holster he was wearing, and Griffin's possession of a weapon was established when he placed the hand of a bank employee on the butt of his gun which was located in his waistband. The present situation is governed by Sec. 2K2.4 of the sentencing guidelines and the commentaries thereto. This section provides:
 
 
 6
 If the defendant, whether or not convicted of another crime, was convicted under 18 U.S.C. Sec. 924(c) or Sec. 929(a), the penalties are those required by statute.
 
 Application Note 2 provides:
 
 7
 Where a sentence under this section is imposed in conjunction with a sentence for an underlying offense, any specific offense characteristic for the possession, use or discharge of a firearm (e.g., Sec. 2B3.1(b)(2) (Robbery)), is not to be applied in respect to the guidelines for the underlying offense.
 
 
 8
 While Sec. 2113(d) requires that a life be put in jeopardy by use of a dangerous weapon, Sec. 924(c) requires only that during the commission of a crime a dangerous weapon or a firearm be carried and this fits the fact in the present case.
 
 
 9
 There is no merit to appellants' claim that the district court erred in refusing to depart from the guidelines in sentencing appellant Wright because of his cooperation with the government. The court at the sentencing hearing acknowledged receipt of the letter from the United States detailing the nature and extent of Wright's cooperation and sentenced him to the minimum sentence under the guideline range.
 
 
 10
 AFFIRMED.